**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN THE MATTER OF | ) IN PROCEEDINGS UNDER CHAPTER 13 |
| MYRA E. McCOWN | ) CASE NO.: |
| DEBTOR(S) | ) DATE: JANUARY 26, 2015 |

**CHAPTER 13 PLAN**

1. The debtor(s) submits all or such portion of his, her, or their future income to the control of the Trustee as is necessary for the execution of the plan. The debtor(s) or debtor's employer shall pay to the Trustee the sum of $ 291.16 each month, for 60 months.

a. Adequate Protection Payments: In the event this plan proposes to pay the balance of a loan secured by the debtor's personal property; then prior to the confirmation of this plan, the debtor must make monthly adequate protection payments directly to the creditor holding the secured claim. Said payments may be deducted from the payment to be made to the Trustee. Upon confirmation said adequate protection payments shall cease and the entire monthly plan payment shall be paid to the Trustee for distribution pursuant to this plan.

b. Domestic Support Obligation: The debtor shall pay current domestic support obligations, as defined in 11 U.S.C. §101 (14A), outside of the plan as directed by any and all applicable state and/or federal court orders.

2. From the payments so received, the Trustee shall make disbursements as follows:

a. PRIORITY CLAIMS: All claims entitled to priority under 11 U.S.C. §507 as well as 11 U.S.C. 1305 shall be paid as required by 11 U.S.C. §1322(a)(2) and (a)(4).

Taxes of $ 521.98 due to IRS + ______ %

Taxes of $______ due to ______________ + ______ %

Other $______ due to ______________ + ______ %

b. SECURED CLAIMS: Pro rata with the above payments, payments to secured creditors whose claims are duly proved and allowed, together with interest, if applicable, as hereinafter set forth:

| | | | | |
|---|---|---|---|---|
| Mortgage arrearage of | $ 9,336.00 | due to | Christina Trust | + 0 % |
| Mortgage arrearage of | $ | due to | | + % |
| Real Estate Taxes | $ | due to | | + % |
| Tax Lien | $ | due to | | + % |
| Judgment lien or PJR | $ | due to | | + % |
| Tax Lien | $ | due to | | + % |
| Auto Loan arrearage | $ | due to | | + % |
| Auto loan | $ | due to | | + % |
| Other | $ 2,727.00 | due to | Orange Village Assoc | + % |
| Mortgage Arrearage | $ | due to | | + % |
| Sewer Use Lien | $ | due to | | + % |

The following secured claims have either been deemed unsecured pursuant to bankruptcy court order dated ________ pursuant to 11 U.S.C. §506(2) or §522(f), or will be deemed unsecured pursuant to U.S.C. §522(f) after motion, notice, hearing and further order of the court as follows:

| Lien Holder | Total Claim | Secured Claim | Unsecured Portion |
|---|---|---|---|
| Household | $ 10,000.00 | $ 0 | $ 10,000.00 |
| Smolensky | $ 5,835.00 | $ 0 | $ 5,835.00 |
| | $ | $ | $ |
| | $ | $ | $ |

The debtor(s) shall continue to pay current mortgage payments, current real estate taxes, and current automobile loan payments outside of the plan directly to the creditors.

c. GENERAL UNSECURED CLAIMS: Pro rate with payments to secured creditors, dividends to general unsecured creditors whose claims are duly proved and allowed as follows:

General unsecured claims, (Including the foregoing secured claims which are being treated as unsecured claims by virtue of 11 U.S.C. §506(a) or §522(f), shall be paid not less than 0 %. If the debtor's estate is found to be solvent general unsecured claims, which are not tax claims, shall be paid 100% plus interest per annum a t the federal judgment rate existing on the date this plan is confirmed and general unsecured

claims which are tax claims, shall be paid 100% plus interest at the rate said claim would receive pursuant to applicable no-bankruptcy law.

No dividend shall be paid on the unsecured portion of any claim where the rights of the holder of such claim may not be modified pursuant to the provisions of 11 U.S.C. 1322(b)(2). The total of all general unsecured claims is $14,335.11__.

3. The following executory contracts of the debtor(s) are rejected; (None) or None.

4. Other terms of the plan: (None) or None.

5. In no event shall the amount to be distributed to each creditor under the plan be less that the value (as of the effective date of the plan) of the property upon which such creditor had an enforceable lien, plus the amount, if any, that would be paid such claim if the estate of the debtor were to be liquidated under Chapter 7 of Title 11 of the United States Code.

6. With respect to each allowed secured claim:

a. The holder of such claim retain the lien securing such claim until the earlier of: (1) the payment of the underlying determined under non-bankruptcy law; or (2) discharge under Section 1328; and

b. If the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law; and

c. The value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less that the allowed amount of such claim and in no event shall the amount to be distributed to each creditor under the plan be less that the value (as of the effective date of the plan) of the property upon which such creditor has an enforceable lien.

7. Payments to the Trustee shall be made in installments conforming to the debtor's payment periods over the period of 60 months in such amount as may be required to provide for the payment of all costs of administration, the payment in full of all claims entitled to priority as defined in 11 U.S.C. 507, the present value of all allowed secured claims, and payments to unsecured creditors as hereinbefore provided. The debtor's total plan payments to the Trustee shall be not less that $ 17,469.60_.

8. Title to the debtor's property shall re-vest in the debtor(s) after the dismissal of the case or the closing of the case upon the approval by the Court of the Trustee's final report and account. However no property received by the Trustee for the purpose of distribution under the plan shall re-vest in the debtor except to the extent that such property is in excess of the amount needed to pay all allowed claims as provided in the plan.

9. The amount of the debtor's attorney's fees already paid outside the plan is $0.00. The balance of the debtor's attorney's fees in the amount of $3,500.00 shall be paid (in) side of the plan.

10. Questions regarding this plan should be directed to the attorney for the debtor(s).

/s/
Myra E. McCown

2/4/15
Date

/s/
Francis E. Lamboley, Esq.
Lamboley Law Firm, LLC
2827 Old Dixwell Avenue
Hamden, CT 06518
(203) 287-8042
(203) 287-9742
franlamboley@comcast.net

2/4/15
Date